## In re Loch's Estate

*Vandling D. Rose*, for exceptant; *Joseph Brennan*, contra.

LEACH, J., March 4, 1932.—The Dime Bank-Lincoln Trust Company was appointed guardian of the estate of Barbara Loch on June 5, 1931. She had been an inmate of a mental hospital for more than eighteen years. She died November 21, 1931. Her estate amounts to approximately $1600, and the Commonwealth of Pennsylvania and the Scranton Poor District have bills for her maintenance totaling a considerably larger sum. There are also bills for attorneys' fees and for her burial.

Under these circumstances, the Commonwealth of Pennsylvania files an exception to the account nisi of the guardian and asks that the guardian distribute the funds to the Commonwealth. The authority for such procedure is set forth as In re Kersling, 12 D. & C. 309, and Erwin's Estate, 11 D. & C. 20. Those cases rest upon their own peculiar facts. The Act of June 1, 1915, P. L. 661, as amended by the Act of May 10, 1921, P. L. 438, and the Act of April 25, 1929, P. L. 704, provides that the court of common pleas may issue an order upon the guardian for the maintenance of the feeble-minded person. Section six of the original act is as follows:

"Section 6. All claims by the Commonwealth for maintenance, as herein provided, in the distribution of any of the estate of any person so maintained, shall take precedence and be paid after other claims which by law are now given precedence, and before any claims of general creditors."

While the common pleas court has jurisdiction to award maintenance during the life of the ward, this section would indicate that claims should be audited after the death of the decedent. The Orphans' Court Act of June 7, 1917, P. L. 363, confers jurisdiction on the orphans' court to pass on all estates of decedents.

It has been the practice of this court and of other courts for years to award the fund to the administrator for distribution, and no good reason appears why the practice should not be followed in this case. We are not in position to pass upon the claim of the Scranton Poor District, which is not before us. Neither are we in position to award the proper amount for burial or for the other expenses.

Now, March 4, 1932, exceptions dismissed, the account confirmed finally, the fund to be turned over to the administrator for distribution by the orphans' court.

From William A. Wilcox, Scranton, Pa.